UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOLORES BONAL,**<br>Plaintiff,<br>vs.<br>**COSTCO WHOLESALE CORP.,**<br>Defendant. | CASE NO. 21-cv-04273-YGR<br><br>**ORDER GRANTING MOTION TO REMAND**<br>Re: Dkt. No. 8 |

Plaintiff commenced this case in San Mateo County Superior Court on April 21, 2020. (Dkt. No. 1-2 at 8.) Defendant removed the action to federal court on June 4, 2021, on the basis of diversity jurisdiction. (Dkt. No. 1 at 4.) Currently pending is the plaintiff's motion to remand the case on the basis of defendant's untimely removal. (Dkt. No. 8.) Having carefully reviewed the papers submitted, the Court **GRANTS** the motion, **DENIES** the request therein for attorneys' fees and costs incurred as a result of the removal, and **REMANDS** the case back to state court.[1]

Under 28 U.S.C. Section 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, "[S]ection 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).

---

[1] The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728–29 (9th Cir. 1991). Accordingly, the Court **VACATES** the hearing set for August 10, 2021.

"The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* (internal quotation marks omitted). In addition, a case may not be removed based on diversity jurisdiction more than one year after the commencement of the action unless the plaintiff acted in bad faith to prevent removal. 28 U.S.C. § 1446(c)(1).

"Where the complaint does not specify the amount of damages sought, the removal defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (citations omitted). To satisfy the preponderance of the evidence standard, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Plaintiff contends that defendant's notice of removal filed June 4, 2021, is untimely under both Sections 1446(b)(3) and 1446(c)(1) because it was filed more than 30 days after she served her statement of damages claiming an estimated $264,762.23 on November 10, 2020, and more than one year after this diversity action was filed on April 21, 2020.[2] Even assuming without deciding that plaintiff acted in bad faith to prevent removal such that removal is permissible under Section 1446(c)(1), the Court concludes that the notice of removal is untimely under Section 1446(b)(3), as it was filed after the second thirty-day removal period had lapsed.

In making this conclusion, the Court finds that defendant was able to ascertain the case's removability when it was served with the plaintiff's statement of damages on November 10, 2020. (Dkt. No. 1-1 at 39.) Indeed, upon reviewing the statement of damages, defense counsel wrote to counsel for plaintiff by email dated December 2, 2020: "Given the amount in controversy you're claiming ($264,762.23), it seems like this case definitely qualifies for removal." (Dkt. No. 8-1 at 9.) Defendant then asked for a stipulation to remove or to cap damages. Plaintiff declined.

---

[2] The parties do not dispute that they are citizens of different states. The parties also do not dispute that the initial pleading did not specify the amount of damages that plaintiff claimed.

2

1   Months later, by letter dated March 2, 2021, counsel for plaintiff advised defense counsel
2   again: "While Plaintiff cannot make an unequivocal admission that her damages are or are not in
3   excess of $75K, or that she will be claiming such an amount throughout the course of this
4   litigation, Plaintiff presently values her damages in excess of $75K." (*Id.* at 16.)  Notwithstanding
5   defendant's apparent acknowledgement of the case's removability and plaintiff's subsequent
6   representation to that effect, defendant did not file its notice of removal until June 4, 2021.

7   According to defendant, plaintiff's statement of damages claimed $9,871.00 in medical
8   expenses, $4,891,23 in lost earnings, "but strangely" $250,000 in "General damages." (Dkt. No. 9
9   at 5.) Defendant argues that this "generic claim of $250,000 in her Statement of Damages served
10  on November 10, 2020 was insufficient to support removal to federal court." (*Id.* at 8.) Instead,
11  "[i]t was not until May 6, 2021 that plaintiff finally served verified amended discovery responses
12  admitting for the first time that her damages claims do, in fact, exceed $75,000. Until that point,
13  Defendant could not prove by a preponderance of the evidence that Plaintiff's damages exceeded
14  the jurisdictional threshold." (*Id.* at 9 (citation omitted).)

15  While it is incumbent upon removing defendants to seek removal in good faith, defendants
16  may not delay removal until the amount in controversy has been substantiated, even if the parties
17  are attempting to resolve the matter expeditiously. As defendant acknowledges in its notice, "[t]he
18  amount in controversy is merely an estimate of the total amount in dispute; it is not a prospective
19  assessment of the defendant's liability." (Dkt. No. 1 at 6 (citing *Lewis v. Verizon
20  Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)).[3] Here, defendant could have
21  ascertained that the case was removable (and, in fact, did so) upon receiving plaintiff's statement
22  of damages on November 10, 2020. The law does not require plaintiff to affirmatively confirm
23  that her claimed damages exceed the jurisdictional amount. Accordingly, the Court finds that

---

[3] Defendant further contends that "[i]t is not enough to have one piece of evidence that removal might be appropriate if the overwhelming majority of evidence shows that it is not." (Dkt. No. 9 at 8.) In making this showing, defendant points to plaintiff's refusal to confirm the amount in controversy in her discovery responses and her declination to stipulate that her damages are not in excess of same. Such inaction hardly constitutes "overwhelming evidence" that the amount in controversy requirement is not met.

removal is untimely under Section 1446(b)(3) and remands the case back to state court. The motion to remand is **GRANTED**. However, the Court declines to grant plaintiff's request for costs and fees incurred as a result of the removal.

The Clerk of the Court is directed to **REMAND** the case to Santa Mateo County Superior Court and close the file.

This Order terminates Docket Number 8.

**IT IS SO ORDERED.**

Dated:   August 9, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**